HONORABLE THERESA L. FRICKE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, | Case No.   3:18-mc-05022-RBL-TLF |
| Plaintiffs, | **DECLARATION OF MARK MELTER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN** |
| v. | |
| TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200, | **Note on Motion Calendar:  March 29, 2019** |
| Defendants. | |

I, MARK MELTER, declare as follows:

1.     I am over the age of 18, competent to testify on the matters stated herein, and I make the following statements based on my own personal knowledge.

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 1

2.      I am an attorney for Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (Plaintiffs). I am admitted to practice law within the state of Washington and before this Court.

3.      This is a postjudgment debt collection action filed by Plaintiffs following the resolution of litigation against *Tacoma Therapy, Inc*., and its affiliated businesses and individuals. Plaintiffs are seeking information from judgment debtor Andrew Jacobs, as well as records and information from Platinum Collision Center, LLC, d/b/a Ace Autobody & Collision (Ace Autobody), where Mr. Jacobs works.

4.      Plaintiffs were granted judgment against Andrew Jacobs in the *Allstate Insurance Company, et al., v. Tacoma Therapy, Inc., et al*., matter, Case No. C13-5214-RBL (the *Tacoma Therapy* litigation). Dkt. # 2-1. The *Tacoma Therapy* litigation involved a complex fraud scheme masterminded by Andrew Jacobs involving numerous individuals and business entities, where the purpose was to fraudulently inflate medical bills and associated personal injury settlements paid by insurance companies such as Plaintiffs. No. C13-5214-RBL, Dkt. # 198 (Conclusion of Law No. 11).

5.      As part and parcel of that scheme, Mr. Jacobs created separate legal entities, such as Direct Marketing Solutions, LLC, to hide payments made to himself from two medical clinics and one law firm in which he held illegal ownership interests. *See id.* Mr. Jacobs has a documented and undisputed history of creating shell companies and schemes to conceal payments to himself. Mr. Jacobs is also the former owner and registered agent of Salstrom Motors, Inc., an auto dealership. See *infra* Exhibit 18 to Melter Decl. at 2.

6.      After Plaintiffs obtained their judgment in the *Tacoma Therapy* litigation, Mr. Jacobs filed for bankruptcy in *In re Andrew James Edmund Jacobs*, U.S. Bankruptcy Court for the Central District of California, No. 2:15-bk-25203-BR. On July 21, 2017, Plaintiffs obtained a ruling from that Court that their judgment against Mr. Jacobs was non-dischargeable. Dkt. # 2-3. Plaintiffs now seek information from Andrew Jacobs and Ace Autobody in an ongoing effort to collect on their judgment. Plaintiffs' efforts herein are made solely for the purpose of collecting on their judgment. Plaintiffs have no interest in harassing Mr. Jacobs, nor do they have any other improper purpose.

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 2

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

7.     On October 19, 2018, Plaintiffs filed a Motion for FRCP 69 Post Judgment Discovery. Dkt. # 1. The motion was granted on November 5, 2018. Dkt. # 3. On November 15, 2018, Plaintiffs served Mr. Jacobs with the Order authorizing discovery and Plaintiffs' interrogatories and requests for production. Attached as **Exhibit 1** is a true and correct copy of proof of service for that encounter.

8.     The same day, Plaintiffs attempted service of their document subpoena to Ace Autobody on Tausha McKernan, its registered agent and sole member. Plaintiffs attempted service at 5707 63rd Avenue W., University Place, Washington, which is the address listed for Ms. McKernan on Ace Autobody's Certificate of Formation and Initial Report. Service could not be completed, however, because there was "[n]o such address." Attached as **Exhibit 2** is a true and correct copy of proof of attempted service for that encounter.

9.     On December 5, 2018, my office received a fax from Henry Saghdejian on behalf of Ace Autobody. The fax stated as follows:

> I am the GM of [Ace Autobody].
>
> Please be advised that I was just made aware of the subpoena commanding my appearance tomorrow. I have objections to this subpoena. (1) I do not have enough time to gather the requested information, and (2) I do not understand why I have to produce the information requested because Mr. Andrew Jacobs is an employee of my company.

Attached as **Exhibit 3** is a true and correct copy of Mr. Saghdejian's fax.

10.     Understanding that Ace Autobody had not yet been served with the document subpoena, I called Mr. Saghdejian on December 5, 2018. It soon became clear that he was referring to Plaintiffs' discovery requests to Mr. Jacobs, not the document subpoena to Ace Autobody, which had not been served. I explained that Ace Autobody did not need to respond to the discovery to Mr. Jacobs, but that a separate document subpoena would be served on Ace Autobody shortly. I offered to send a copy of the document subpoena via fax and explained to Mr. Saghdejian that we would provide Ace Autobody an additional thirty days to respond. Mr. Saghdejian said he did not think he should have to provide any information and that "maybe" he would fire Mr. Jacobs rather than respond. I told him that Plaintiffs did not believe that terminating Mr. Jacobs would relieve Ace Autobody of its obligation to respond to our document subpoena.

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 3

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

11.     On December 14, 2018, Ms. McKernan was served with Plaintiffs' document subpoena to Ace Autobody at 7119 64th Street Ct. W., University Place, Washington, 98467. Attached as **Exhibit 4** is a true and correct copy of proof of service relating to that encounter.

12.     On December 31, 2018, my office received a fax from attorney Peter Kesling of the law firm Jacobs & Jacobs dated December 28, 2018. Attached as **Exhibit 5** is a true and correct copy of that communication. Mr. Kesling wrote that his "law firm" represented Ace Autobody and that he was formally objecting to Plaintiffs' document subpoena. He offered several objections and stated, "Per these objections, your subpoena will remain unanswered."

13.     On January 7, 2019, this case was reassigned and referred to Honorable Judge Theresa L. Fricke. Dkt. # 4. On the Court's own motion, the original Order granting Plaintiffs' motion was vacated. *Id.* On January 10, 2019, Judge Fricke issued a new Order on Plaintiffs' Motion for Judgment Debtor Exam, authorizing discovery into Mr. Jacobs and third-party discovery into Ace Autobody. Dkt. # 5.

14.     On January 14, 2019, Plaintiffs again personally served Mr. Jacobs with the Court-Ordered debtor interrogatories and requests for production as well as the Order authorizing debtor discovery and Plaintiffs' materials in support of its initial motion. Attached hereto as **Exhibit 6** is a true and correct copy of proof of service for that encounter. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiffs' interrogatories and requests for production to Plaintiffs.

15.     On January 15, 2019, Plaintiffs again served Tausha McKernan with the document subpoena to Ace Autobody. Attached hereto as **Exhibit 8** is a true and correct copy of proof of service for that encounter. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiffs' document subpoena to Ace Autobody.

16.     By February 13, 2019, my office had received no further response from Mr. Jacobs or Ace Autobody so I separately requested telephone conferences with Mr. Jacobs and Mr. Kesling to discuss their discovery responses, in a good faith effort to avoid a motion to compel. Mr. Jacobs emailed me on February 18, 2019, confirming he received Plaintiffs' discovery requests but stating he did not intend to provide any information. Attached as **Exhibit 10** is a true and correct copy of Mr. Jacobs' email from that day.

17.     The following day, February 19, 2019, I was able to speak to Mr. Kesling for a Rule 37 conference. I memorialized our conversation via email on February 21, 2019. Attached

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 4

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

as **Exhibit 11** is a true and correct copy of that email. During our call, Mr. Kesling and I walked through each of Plaintiffs' document requests and his objections to the same. At the time, I believed my telephone conference with Mr. Kesling was productive. After discussion, he told me that Ace Autobody did not object to document request numbers 3, 4, 5, 7, 8, 10, 11, 13, 14, 15, and 19, and it would be producing all responsive documents. He said document requests 1 and 2 were overbroad because Ms. McKernan and Mr. Jacobs were family members, and I confirmed that Plaintiffs were not interested in trivial documents, but communications and documents relating to Ace Autobody, business ventures with Mr. Jacobs, transfers of assets (either directly or indirectly) to Mr. Jacobs, other agreements with Mr. Jacobs or anyone acting on his behalf, and communications with Mr. Jacobs relating to any of the aforementioned subjects. I also qualified document request 9, relating to ownership interests of Ace Autobody.

18.    During the call, Mr. Kesling also objected to document requests 17, 18, and 20 on the basis that they were not relevant to Plaintiffs' postjudgment collection efforts. After I explained to Mr. Kesling that these documents were necessary to ensure that all of Ace Autobody's revenues were accounted for and that neither Mr. Jacobs nor anyone acting on his behalf was receiving undisclosed payments, Mr. Kesling conceded "that actually makes sense" and agreed these requests were relevant. However, he told me he still objected to document requests 6, 12, 17, 18, and 20 on the basis that any responses would include personal information of Ace Autobody employees. I suggested to Mr. Kesling that the parties enter into a protective order for this information, and he agreed to discuss the matter with his client and respond by the end of the week, Friday, February 22, 2019. During our call, I also expressed to Mr. Kesling that our request for communications from Ace Autobody included any communications, such as text messages and emails between Ms. McKernan and Mr. Jacobs, regarding our postjudgment discovery. I clarified that this would also include any communications between his law office Jacobs & Jacobs and Mr. Jacobs, as these would be nonprivileged communications. Mr. Kesling did not dispute that Plaintiffs were legally entitled to these documents. Mr. Kesling did not dispute my summary of our telephone call or the terms of our agreement as outlined in my email of February 21, 2019.

19.    On February 21, 2019, I spoke with Mr. Jacobs via telephone. The purpose of the call was to discuss his objections to Plaintiffs' discovery, including any limitations by Plaintiffs that would facilitate and expedite meaningful responses. The telephone conference

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 5

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

was not productive. Mr. Jacobs repeatedly asked to discuss a potential "payment plan" that would allow him to avoid responding to Plaintiffs' discovery requests. I explained the purpose of the call was to discuss his objections to our discovery requests—not to discuss a proposed payment plan—and that if he was unwilling to discuss his objections I would terminate the call and Plaintiffs would petition this Court for an Order compelling discovery. Unfortunately, Mr. Jacobs was unwilling to discuss his objections to Plaintiffs' discovery requests so I terminated the call—but only after first inviting Mr. Jacobs to call me back if he wanted to discuss his objections. I then memorialized the call in an email to Mr. Jacobs dated February 21, 2019. Attached as **Exhibit 12** is a true and correct copy of my email to Mr. Jacobs.

20.    Mr. Jacobs sent a separate email to me later that day containing his own version of the events. I disagree with Mr. Jacobs' description of our telephone call. At any rate, Mr. Jacobs stated in his email that he would produce the following: "My income[.] What I own or don't own[.] Any Garnishments or child support I'm required to pay[.] Bank Statements." I responded that Plaintiffs welcomed the information but it was not enough to obtain a complete understanding of what assets may be available to satisfy the judgment against him. I also told him that if he wanted to submit a proposed payment plan I would be sure to pass it on to Plaintiffs. Attached as **Exhibit 13** is a true and correct copy of my email response to Mr. Jacobs. Mr. Jacobs has not provided any responses or documents to Plaintiffs.

21.    On February 26, 2019, I emailed Mr. Kesling to request an update on Ace Autobody, including whether it would provide the information sought by Plaintiffs under the terms of a protective order. The following day, my office received a letter via standard mail from Mr. Kesling signed February 22, 2019. The letter stated "there has been a change since our [FRCP 37] conference" and that he had been instructed to answer Plaintiffs' document subpoena and to immediately cease his representation of Ace Autobody. Despite Mr. Kesling's prior concessions that Plaintiffs' document requests were relevant, his letter dated February 22, 2019, included objections to every document request. The only documents enclosed included a form 1099, which purportedly shows all money paid to Mr. Jacobs by Ace in 2018, and eight pages of publicly available documents concerning Ace Autobody. Attached as **Exhibit 14** is a true and correct copy of Mr. Kesling's letter along with Ace Autobody's answers to Plaintiffs' document subpoena.

DECLARATION OF MARK MELTER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 6

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

22.    Mr. Kesling's written responses to Plaintiffs' document subpoena include a number of important representations. In response to Plaintiffs' request for checks or other negotiable instruments endorsed by Mr. Jacobs, Mr. Kesling responded that "*Andrew Jacobs is not a signor on the bank account of [Ace Autobody]*" and "*[t]here are no checks*" endorsed by Mr. Jacobs. Ex. 14 at 3 (Resp. to Pls.' Doc. Req. 3) (emphasis added). In response to Plaintiffs' request for power of attorney documents, he responded, "*There are no power of attorneys relating to Andrew Jacobs in our possession.*" *Id.* at 4 (Resp. to Pls.' Doc. Req. 7) (emphasis added). And in response to Plaintiffs' request for tax information, he acknowledged that Ms. McKernan *had not yet made any tax filings related to Ace Autobody* but that she intended to file an amended return for 2017 in addition to filing her taxes for 2018.

23.    In the course of preparing to issue the judgment debtor discovery in this matter, my office has performed a number of investigatory functions related to Mr. Jacobs, Ms. McKernan, and Ace Autobody. Our investigation revealed that Tausha McKernan is Mr. Jacob's cousin, which Mr. Kesling confirmed in our telephone call on February 19, 2019.

24.    My office located a Facebook profile appearing to belong to Ms. McKernan and bearing the name "Tausha McKernan." The profile identifies another user, "Andy Jacobs," as "Cousin." In March 2018, the profile only identified her employer as The Hub restaurant in Gig Harbor, Washington. It did not list any affiliation with Ace Autobody. Below are screen shots of Ms. McKernan's public Facebook profile taken on March 29, 2018 (highlighting added).




25.    On November 26, 2018—approximately ten days after Plaintiffs served Mr. Jacobs with debtor discovery and attempted service of Ace Autobody on Ms. McKernan—Ms.

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 7

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

McKernan's Facebook profile was changed to identify her as "CEO of Ace Autobody." A screen shot obtained of Ms. McKernan's public Facebook profile on March 11, 2019, is set forth below (highlighting added):



26.    My office also reviewed the Yelp! business profile for "Ace Autobody and Collision" at the following URL: https://www.yelp.com/biz/ace-autobody-and-collision-puyallup. The business address at this URL matches the business address for Ace Autobody.

27.    In reviewing the profile, we discovered the following review from "Trim B." posted on August 24, 2018. The review specifically refers to "Andy" as "the owner" of Ace Autobody. A screen shot I obtained on March 12, 2019, from the above Yelp! profile is set forth below.



28.    Pursuant to the above, Mr. Jacobs appears to be representing to customers and members of the public that he is the owner of Ace Autobody. Of note, the above review was

DECLARATION OF MARK MELTER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 8

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

"voted for" by another Yelp! user with the name, "Andy J." Plaintiffs believe "Andy J." is Andrew Jacobs.

29. My office discovered another Yelp! review relating to Ace Autobody posted by a user with the name "Tausha M." and a photograph matching Ms. McKernan's likeness. A screen shot of that review obtained in March 2018 is below:



30. As evidenced above, despite being the sole public member of Ace Autobody, Ms. McKernan submitted a customer review of Ace Autobody on Yelp!, which indicated she was not the owner.

31. Plaintiffs' investigation has also revealed irregularities with Ace Autobody's business formation documents. The Initial Report and Certificate of Incorporation filed with the Secretary of State's Office list Ms. McKernan's address as 5707 63rd Ave. W., University Place, Washington 98467. Attached as **Exhibit 15** is a copy of Ace Autobody's Initial Report and attached as **Exhibit 16** is a copy of the Certificate of Formation. The address listed by Ms. McKernan in these documents does not exist.

32. Furthermore, although both documents purport to be signed by Ms. McKernan, the signatures are different. A side-by-side of screen shots of Ms. McKernan's alleged signatures to Ace Autobody's Certificate of Formation and Initial Report are below:

*Ex. 16, Certificate of Formation*      *Ex. 15, Initial Report*

      

33. Plaintiffs retained forensic document examiner James A. Tarver to review the above signatures allegedly belonging to Ms. McKernan. He concluded the signatures, more

DECLARATION OF MARK MELTER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL POSTJUDGMENT DISCOVERY AND FOR AN ORDER AUTHORIZING EXAMINATION OF TAUSHA McKERNAN - 9

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 · f. 206-749-0194

likely than not, do not share common authorship. This means at least one of the signatures was not authored by Ms. McKernan. Attached as **Exhibit 20** is a true and correct copy of Mr. Tarver's report dated March 13, 2019, and relating to the above signatures.

34.    Plaintiffs also possess check information contradicting Ace Autobody's written answers and responses to Plaintiff's document subpoena. Recall that attorney Mr. Kesling stated Ace Autobody had no checks endorsed by Mr. Jacobs and he is "not a signor on the bank account." Recall also that Mr. Kesling produced no power of attorney documents and stated there were none relating to Mr. Jacobs. See discussion *supra* Paragraphs 21-22 and Ex. 14.

35.    Yet Plaintiffs possess copies of several checks issued to Ace Autobody that appear to be endorsed by Mr. Jacobs pursuant to a power of attorney. Attached as **Exhibit 17** are true and correct copies of those checks with the personal information of Plaintiffs' insureds redacted. Notably, each check is endorsed with the language "POA on file @ Ace." "POA" appears to be an abbreviation for "power of attorney."

36.    Check No. 555983871 appears to be signed with the initials, "AJ." A screen shot of that check is set forth below (with highlighting added by this office).

 

37.    The initials "AJ" likely stand for "Andrew Jacobs" and resemble how Mr. Jacobs initialed an agreement in the *Tacoma Therapy* litigation between Mr. Jacobs and Wes McLaughlin. No. 3-13-cv-05214-RBL, Dkt. # 161-34 (the McLaughlin Agreement). Attached as **Exhibit 18** is a true and correct copy of that agreement.

//

//

//

//

//

//

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 10

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

38.    A side-by-side of Check No. 555983871 and Mr. Jacobs' initials from Exhibit 18 is below (with highlighting added by this office):

**Ex. 17, No. 555983871**                    **Ex. 18, McLaughlin Agreement**

          

39.    Likewise, the endorsement on Check No. 555414023 resembles Mr. Jacobs' full signature from Exhibit 18. Below is a side-by-side of the endorsement to Check No. 555414023 and Mr. Jacobs' signature from Exhibit 18.

**Ex. 17, No. 555414023**                    **Ex. 18, McLaughlin Agreement**

          

40.    Plaintiffs have retained forensic document examiner James A. Tarver to review multiple documents in this matter including Exhibits 17 and 18 and offer an opinion as to whether Mr. Jacobs may have endorsed any of the checks issued to Ace Autobody. Attached as **Exhibit 19** is a true and correct copy of a report authored by Mr. Tarver dated March 14, 2019. Mr. Tarver concluded that, at minimum, there are indications that the endorsements on Check Nos. 555414023 and 555983871 were written by Mr. Jacobs. He also concluded that the written text "POA on file @ Ace" on all three checks in Exhibit 17, more probably than not, share common authorship. Mr. Tarver's opinions are limited by not having originals or more writing samples. The discovery sought by Plaintiffs may yield more definitive results.

41.    <u>Civil Rule 26 Certification</u>: I hereby certify that I have conferred with both Andrew Jacobs and attorney Peter Kesling on behalf of Ace Autobody in good faith and in an effort to resolve the discovery issues identified herein prior to filing this motion.

//

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 11

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing information is true based on information and belief.

DATED this 14th day of March, 2019.

By:     *s/Mark Melter*
        Mark Melter

DECLARATION OF MARK MELTER IN
SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL POSTJUDGMENT DISCOVERY AND
FOR AN ORDER AUTHORIZING
EXAMINATION OF TAUSHA McKERNAN - 12

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 · f. 206-749-0194