HON. JUDGE RONALD B. LEIGHTON
HON. MAGISTRATE JUDGE THERESA L. FRICKE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>            Plaintiffs,<br><br>      v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>            Defendants. | Case No. 3:18-cv-05372-RBL-TLF<br><br>**PLAINTIFFS' <u>RENEWED</u> MOTION FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS**<br><br>**Note on Motion Calendar:  July 5, 2019** |

//

//

PLAINTIFFS' <u>RENEWED</u> MOTION FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS - 1

**F**AIN **A**NDERSON **V**A**N**D**ERHOEF**
**R**OSENDAHL **O'H**ALLORAN **S**PILLANE**, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

## I. RELIEF REQUESTED

Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (Plaintiffs) renew their request that this Court sanction Andrew Jacobs and find him in contempt for failing to comply with this Court's orders pertaining to Plaintiffs' postjudgment discovery efforts.

On April 1, 2019, Magistrate Judge Theresa Fricke issued an order compelling Mr. Jacobs to fully respond to Plaintiffs' debtor interrogatories and requests for production within ten days. Dkt. # 19. Nearly three months later, Mr. Jacobs has not produced any responses to Plaintiffs' debtor discovery. Moreover, Mr. Jacobs recently failed to appear for a debtor examination ordered by this Court for June 14, 2019.

Despite this Court affording Mr. Jacobs every opportunity to respond to Plaintiffs' reasonable discovery requests, he continues flagrantly disregard Plaintiffs' judgment, the authority of this Court, and the rule of law. He should be sanctioned and held in contempt. He should also be ordered to appear before this Court and to show cause why a warrant should not be issued for his arrest.

## II. RELEVANT FACTS

The relevant facts include the following:

- Plaintiffs obtained a valid, legal judgment against Mr. Jacobs. Dkt. # 1.
- Plaintiffs issued postjudgment discovery consisting of debtor interrogatories and requests for production to Mr. Jacobs. Dkt. ## 1, 11-7.
- This Court twice authorized the postjudgment discovery. Dkt. ## 3, 5.
- Plaintiffs twice served Mr. Jacobs with the postjudgment discovery. Dkt. ## 11-1, 11-6.
- Mr. Jacobs failed to respond to Plaintiffs' postjudgment discovery requests. Dkt. # 11 at ¶16.
- Plaintiffs engaged in a discovery conference with Mr. Jacobs. Dkt. # 11 at ¶¶19.
- Mr. Jacobs again failed to respond to Plaintiffs' postjudgment discovery requests. *Id.* at ¶¶20.
- Plaintiffs moved to compel responses from Mr. Jacobs. Dkt. ## 10, 11, 14, 16.

PLAINTIFFS' <u>RENEWED</u> MOTION FOR
SANCTIONS AND FINDING OF CONTEMPT
AGAINST ANDREW JACOBS - 2

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

- Mr. Jacobs was served with Plaintiffs' motion to compel. Dkt. # 12.
- Mr. Jacobs filed an objection/declaration to Plaintiffs' motion. Dkt. # 13.
- This Court granted Plaintiffs' motion and **specifically stated that Mr. Jacobs' failure to comply may subject him to contempt and an Order requiring him to pay the reasonable attorneys' fees of Plaintiffs**. Dkt. # 19 at 3.
- Mr. Jacobs has not responded to Plaintiffs' discovery requests.
- Plaintiffs previously moved for sanctions and a finding of contempt against Mr. Jacobs. Dkt. # 25.
- Mr. Jacobs did not respond to that motion.
- This Court ordered that Mr. Jacobs appear for an examination on June 14, 2019, at 9:00 AM, at the U.S. District Courthouse for the Western District of Washington at Tacoma. Dkt. # 35.
- Mr. Jacobs did not appear for his examination. Melter Decl. ¶6.

### III.   ISSUE

**ISSUE:**   Should the Court sanction Mr. Jacobs and hold him in contempt for failing to comply with this Court's orders of April 1, 2019, and April 17, 2019, and should it require that Mr. Jacobs appear and show cause as to why a warrant should not be issued for his arrest?

**ANSWER:**   *Yes.*

### IV.   EVIDENCE RELIED UPON

Plaintiffs rely on the declaration of Mark B. Melter, the exhibits contained therein, and the other pleadings and papers before this Court.

### V.   ARGUMENT

A.   <u>Mr. Jacobs should be sanctioned for failing to respond to Platinum's discovery and for failing to appear at his examination.</u>

Under Rule 37(d)(3), this Court "**must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *RRW Legacy Mgmt. Grp., Inc. v. Walker*, No. C14-326 MJP, 2017 U.S. Dist. LEXIS 53206, at *4 (W.D. Wash. Apr. 6, 2017) (J. Pechman).

In this case, Mr. Jacobs has not responded to Plaintiffs' discovery requests and has

PLAINTIFFS' <u>RENEWED</u> MOTION FOR
SANCTIONS AND FINDING OF CONTEMPT
AGAINST ANDREW JACOBS - 3

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

provided no justification for his failure. Mr. Jacobs had provided no responses to Plaintiffs' discovery. He failed to appear at all for his examination. He is flagrantly disregarding the authority of this Court and Plaintiffs' attempts to collect on their judgment. Under the above rule, sanctions are mandatory, not permissive. At minimum, Mr. Jacobs should be sanctioned in the amount of Plaintiffs' attorney fees and costs associated with Plaintiffs' efforts to compel production, including any motions work and non-duplicative costs associated with appearing for Mr. Jacobs' examination (*e.g.*, court reporter costs, travel costs, and attorney time at the examination).

B. <u>Mr. Jacobs should be held in civil contempt and should be required to show cause as to why an arrest warrant should not be issued.</u>

The Court should also hold Mr. Jacobs in contempt for violating the Court's order compelling production and for failing to appear at his examination. This Court has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses of damages. *RRW Legacy Mgmt. Grp., Inc.*, *supra*, at *4 (citing *Powell v. Ward*, 643 F.2d 924, 931 (2nd Cir. 1981)). Three elements must be satisfied as a prelude to a finding of contempt: (1) the order must be "clear and unambiguous," (2) the proof of non-compliance must be "clear and convincing," and (3) the party against whom the contempt finding is sought must not have "been reasonably diligent and energetic in attempting to accomplish what was ordered." *Id.*

All the elements are present here. There is nothing ambiguous about the Court's orders of April 1, 2019, and April 17, 2019, requiring that Mr. Jacobs fully comply with Plaintiffs' discovery requests appear for an examination on June 14, 2019. Yet there is not a shred of evidence that Mr. Jacobs has complied, or attempted to comply, with the Court's orders. Rather, the evidence indicates that Mr. Jacobs believes he can ignore Plaintiffs' postjudgment discovery requests and that he believes this Court will do nothing to stop him.

The Court should find Mr. Jacobs in contempt and sanction him to a fee of $1,000 per day, backdated to April 10, 2019, until he produces complete responses to Plaintiff's debtor discovery and he sits for an examination. *RRW Legacy Mgmt. Grp., Inc.*, *supra*, at *7-8 (finding third party in contempt for failing to respond to postjudgment discovery and awarding a sanction of $1,000 per day). The Court should also order that Mr. Jacobs appear at a hearing before this Court and show cause why a civil arrest warrant should not be issued until he fully

PLAINTIFFS' <u>RENEWED</u> MOTION FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS - 4

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

complies with Plaintiffs' debtor discovery requests and sits for an examination. *E.g.*, *Parenteau v. Prescott Unified Sch. Dist.*, No. CV-07-8072-PCT-NVW, 2010 U.S. Dist. LEXIS 26324, at *10-11 (D. Ariz. Mar. 1, 2010) (ordering hearing "to show cause why this Court should not recommend . . . [that judgment debtor be] found in indirect, civil contempt, arrested by the U.S. Marshal Service pursuant to a civil arrest warrant, and detained until he fully complies with prior court orders including finishing his judgement-debtor examination"); *RRW Legacy*, No. C14-326 MJP, at *3 (authorizing arrest and sanctions of $1,000 per day to compel compliance with postjudgment discovery).

## VI.  CONCLUSION

The Court should sanction Mr. Jacobs in the amount of Plaintiffs' attorney fees and costs associated with their efforts to compel production, including any motions work and non-duplicative costs associated with appearing for Mr. Jacobs' examination (*e.g.*, court reporter costs, travel costs, and attorney time at the examination). The Court should also find him in civil contempt and fine him $1,000 per day, backdated to April 10, 2019, until he fully complies with Plaintiffs' discovery requests and sits for an examination. Finally, the Court should order that Mr. Jacobs appear before this Court for a hearing to show cause why an arrest warrant should not be issued until he complies with Plaintiffs' judgment debtor discovery requests.

DATED THIS 19th day of June, 2019.

                                      FAIN ANDERSON VANDERHOEF
                                      ROSENDAHL O'HALLORAN SPILLANE, PLLC

                                      By: */s Mark B. Melter*
                                           Eron Z. Cannon, #42706
                                           Mark B. Melter, #46262
                                           Fain Anderson VanDerhoef, Rosendahl
                                           O'Halloran Spillane, PLLC
                                           701 Fifth Avenue, Suite 4750
                                           Seattle, WA 98104
                                           eron@favros.com
                                           mark@favros.com
                                           Ph: 206.749.0094
                                           Fx: 206.749.0194
                                           Attorney for Plaintiffs

PLAINTIFFS' RENEWED MOTION FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS - 5

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2019, I electronically filed **PLAINTIFFS' RENEWED MOTION FOR SANCTIONS AND FINDING OF CONTEMPT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Defendants*
Stuart C. Morgan
Grady Heins
710 Market St
Tacoma, WA 98402-3712
stu@ledgersquarelaw.com
grady@ledgersquarelaw.com

☐ Regular U.S. Mail
☐ Facsimile (253) 573-1115
☐ ABC Process Service
☑ CM/ECF

Signed at Seattle, Washington this 19th day of June, 2019.

*/s/Sydney M. McCrorie*
Sydney M. McCrorie, *Legal Assistant*

PLAINTIFFS' RENEWED MOTION FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS - 6

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA 98404
p. 206-749-0094 • f. 206-749-0194

HON. JUDGE RONALD B. LEIGHTON
HON. MAGISTRATE JUDGE THERESA L. FRICKE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No.  3:18-cv-05372-RBL-TLF<br><br>[PROPOSED]<br><br>**ORDER ON PLAINTIFFS' <u>RENEWED</u> MOTION TO FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS**<br><br>**Note on Motion Calendar:  July 5, 2019** |

COMES NOW this Court, having considered the following:

1. Plaintiffs' Renewed Motion for Sanctions and Finding of Contempt Against

| | |
|---|---|
| [PROPOSED] ORDER FOR CONTEMPT AND FOR SANCTIONS - 1 | **FAIN ANDERSON VANDERHOEF**<br>**ROSENDAHL O'HALLORAN SPILLANE, PLLC**<br>701 Fifth Avenue, Suite 4750<br>Seattle, WA  98404<br>p. 206-749-0094  •  f. 206-749-0194 |

Andrew Jacobs.

2.     The Declaration of Mark Melter in support of Plaintiffs' Renewed Motion for Sanctions and Finding of Contempt Against Andrew Jacobs;

3.     Response from Andrew Jacobs, if any;

4.     The pleadings on record;

5._____

_____

6._____

_____

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

Plaintiffs Allstate Insurance Company, *et al*., have demonstrated that Mr. Jacobs has failed to respond to Plaintiffs' postjudgment debtor interrogatories and requests for production and that such failure was not substantially justified and that no other circumstances make an award of expenses unjust. Under Federal Rule of Civil Procedure 37(d)(3), this Court is required to sanction Mr. Jacobs in the amount of Plaintiffs' reasonable expenses including attorney fees. Plaintiffs are directed to submit a bill of fees and costs associated with their attempts to obtain production from Mr. Jacobs including their motion to compel, motions for sanctions, and non-duplicative costs associated with appearing for Mr. Jacobs' examination.

Plaintiffs have also demonstrated that Mr. Jacobs should be held in civil contempt for failing to comply with prior orders of this Court requiring him to respond fully to Plaintiffs' debtor discovery and to appear for an examination on June 14, 2019. First, the prior orders of this Court on these matters were clear and ambiguous. Magistrate Judge Fricke's Order of April 1, 2019, clearly and unambiguously compelled Mr. Jacobs to respond fully to Plaintiffs' debtor interrogatories and requests for production within ten days. Dkt. # 19. Likewise, this Court's Order of April 17, 2019, clearly and unambiguously required Mr. Jacobs to appear for an examination on June 14, 2019. Dkt. # 35. Both of these orders were properly served on Mr. Jacobs at his last known address. Dkt. ## 17, 35. Plaintiffs served a subpoena on Mr. Jacobs that further notified him of the examination date, time, and location. Dkt. # 42. Second, Plaintiffs have established that Mr. Jacobs has not responded to their judgment debtor written discovery and failed to appear for his examination on June 14, 2019. Third, Plaintiffs have demonstrated the absence evidence indicating that Mr. Jacobs has been "reasonably diligent

[PROPOSED] ORDER FOR CONTEMPT AND FOR SANCTIONS - 2

**FAIN ANDERSON VANDERHOEF ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 • f. 206-749-0194

and energetic in attempting to accomplish what was ordered." Indeed, despite the patience of this Court, Mr. Jacobs appears to have done nothing to comply with his legal obligations to Plaintiffs. Civil contempt is warranted to ensure compliance with the authority of this Court and to ensure that Plaintiffs receive the postjudgment discovery to which they are entitled and which is specifically contemplated by the Federal Rules of Civil Procedure.

This Court hereby holds Mr. Jacobs in civil contempt and fines him in the amount of $1,000 per day, backdated to April 10, 2019, until he responds in full to Plaintiffs' judgment debtor discovery and sits for an examination. This Court further orders that Mr. Jacobs appear at a hearing on _____, 2019, at _____ to show cause why a warrant should not be issued for his arrest as a means of ensuring compliance with this Court's orders and Plaintiffs' requests for postjudgment discovery. This Court will issue a new examination date for Mr. Jacobs at that hearing.

**NOTICE TO PARTIES**

**FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO CONTEMPT OF COURT AND FAILURE TO COMPLY MAY RESULT IN AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEYS' FEES INCURRED BY PLAINTIFFS IN THIS ACTION.**

DATED this _____ day of _____, 2019.

HON. JUDGE LEIGHTON
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER FOR CONTEMPT AND FOR SANCTIONS - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094 • f. 206-749-0194

*PRESENTED BY:*

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC


By: */s Mark B. Melter*
Eron Z. Cannon, #42706
Mark B. Melter, #46262
Fain Anderson VanDerhoef, Rosendahl
O'Halloran Spillane, PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
eron@favros.com
mark@favros.com
Ph:  206.749.0094
Fx:  206.749.0194
Attorney for Plaintiffs

[PROPOSED] ORDER FOR CONTEMPT AND FOR SANCTIONS - 4

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
701 Fifth Avenue, Suite 4750
Seattle, WA  98404
p. 206-749-0094  •  f. 206-749-0194