HON. JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TACOMA THERAPY, INC., TACOMA REHABILITATION THERAPY, INC., P.S., ANDREW JACOBS, MELANIE JACOBS, NANDY, INC., NATHAN LEMINGS AND JANE DOE LEMINGS, husband and wife, and the marital property thereof, THE LAW OFFICE OF MCLAUGHLIN & ASSOCIATES, INC., WESLEY MCLAUGHLIN AND JANE DOE MCLAUGHLIN, husband and wife, and the marital property thereof, DIRECT SOLUTIONS MARKETING, INC., DOES 1-100 and ROES 101-200,<br><br>Defendants. | Case No.  3:19-cv-05372-RBL<br><br>**ORDER ON PLAINTIFFS' <u>RENEWED</u> MOTION TO FOR SANCTIONS AND FINDING OF CONTEMPT AGAINST ANDREW JACOBS** |

COMES NOW this Court, having considered the following:

1. Plaintiffs' Renewed Motion for Sanctions and Finding of Contempt Against Andrew Jacobs.

ORDER FOR CONTEMPT AND FOR SANCTIONS - 1

2.   The Declaration of Mark Melter in support of Plaintiffs' Renewed Motion for Sanctions and Finding of Contempt Against Andrew Jacobs;

3.   No response from Andrew Jacobs;

4.   The pleadings on record;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

Plaintiffs Allstate Insurance Company, *et al.*, have demonstrated that Mr. Jacobs has failed to respond to Plaintiffs' postjudgment debtor interrogatories and requests for production and that such failure was not substantially justified and that no other circumstances make an award of expenses unjust. Under Federal Rule of Civil Procedure 37(d)(3), this Court is required to sanction Mr. Jacobs in the amount of Plaintiffs' reasonable expenses including attorney fees. Plaintiffs are directed to submit a bill of fees and costs associated with their attempts to obtain production from Mr. Jacobs including their motion to compel, motions for sanctions, and non-duplicative costs associated with appearing for Mr. Jacobs' examination.

Plaintiffs have also demonstrated that Mr. Jacobs should be held in civil contempt for failing to comply with prior orders of this Court requiring him to respond fully to Plaintiffs' debtor discovery and to appear for an examination on June 14, 2019. First, the prior orders of this Court on these matters were clear and ambiguous. Magistrate Judge Fricke's Order of April 1, 2019, clearly and unambiguously compelled Mr. Jacobs to respond fully to Plaintiffs' debtor interrogatories and requests for production within ten days. Dkt. # 19. Likewise, this Court's Order of April 17, 2019, clearly and unambiguously required Mr. Jacobs to appear for an examination on June 14, 2019. Dkt. # 35. Both of these orders were properly served on Mr. Jacobs at his last known address. Dkt. ## 17, 35. Plaintiffs served a subpoena on Mr. Jacobs that further notified him of the examination date, time, and location. Dkt. # 42. Second, Plaintiffs have established that Mr. Jacobs has not responded to their judgment debtor written discovery and failed to appear for his examination on June 14, 2019. Third, Plaintiffs have demonstrated the absence of evidence indicating that Mr. Jacobs has been "reasonably diligent and energetic in attempting to accomplish what was ordered." Indeed, despite the patience of this Court, Mr. Jacobs appears to have done nothing to comply with his legal obligations to Plaintiffs. Civil contempt is warranted to ensure compliance with the authority of this Court and to ensure that Plaintiffs receive the postjudgment discovery to which they are entitled and which is specifically contemplated by the Federal Rules of Civil Procedure.

This Court hereby holds Mr. Jacobs in civil contempt and fines him in the amount of $250 per day, backdated to June 14, 2019, until he responds in full to Plaintiffs' judgment debtor discovery and sits for an examination. This Court further orders that Mr. Jacobs appear at a hearing on **July 31, 2019, at 11:00 a.m.** to show cause why a warrant should not be issued for his arrest as a means of ensuring compliance with this Court's orders and Plaintiffs' requests for postjudgment discovery. This Court will issue a new examination date for Mr. Jacobs at that hearing.

### NOTICE TO PARTIES

**FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO CONTEMPT OF COURT AND FAILURE TO COMPLY MAY RESULT IN AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEYS' FEES INCURRED BY PLAINTIFFS IN THIS ACTION.**

DATED this 3rd day of July, 2019.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge